Mark R. Thierman, NV#8285
laborlawyer@pacbell.net
**THIERMAN LAW FIRM, P.C**.
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500
Fax: (775) 703-5027

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Northern (Reno) Division

| | |
|---|---|
| MARK BARNES and JERRY MERCANTE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TANDY LEATHER COMPANY, INC., TANDY LEATHER FACTORY, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR OVERTIME COMPENSATION, DEDUCTION OF SHRINKAGE AND FAILURE TO PAY WAGES DUE** |

///
///
///

---

CLASS ACTION COMPLAINT FOR OVERTIME

Now come Plaintiffs Mark Barnes and Jerry Mercante on behalf of themselves and all others similarly situated, and allege as follows:

## INTRODUCTION

1.  This is a class and collective action brought by Plaintiffs Mark Barnes and Jerry Mercante, on behalf of themselves and over 100 similarly situated hourly paid store managers to secure and vindicate rights afforded by the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), state wage-hour laws, and the common law against Defendant Tandy Leather Factory, Inc., a Delaware corporation with its principle place of business in Texas, for the following acts:

A)  Failure to pay overtime compensation correctly by excluding non-discretionary bonuses and other compensation from the calculation of the regular rate of pay for hourly paid store managers;

B)  Subtracting the payments made to the hourly paid store manages pursuant to prior a settlement with the United States Department of Labor from the Net Profitability of that individual store, instead of the general overhead of the company, such that the employee's pay is being used to pay a portion of his or her own wage settlement amounts;

C)  Subtracting the payments made to the hourly paid store managers for overtime compensation from the Net Profitability of that individual store, instead of the general overhead of the company, such that the employee's pay is reduced by 25% of the amounts paid for overtime compensation (i.e. docking the employee his own overtime pay);

D)  Failure to pay vested vacation pay upon termination;

E)  Recalculating the hourly rate of pay after settlement with the Wage Hour Division of the Department of Labor such that the employee compensation remains the same from when the employee was improperly classified as salaried exempt to when the employee is paid hourly regardless of hours worked which is

-1-

CLASS ACTION COMPLAINT FOR OVERTIME

a pay plan that attempts to circumvent the overtime compensation law and the settlement agreement;

F) Subtracting business losses such as inventory "shrinkage" from the net profits of the store and thus making the employee pay 25% of the shrinkage in contravention of almost every state's laws; and

G) Requiring employees to falsely report hours worked and then claiming their pay cards are not accurate.

## PARTIES

2. At all relevant times herein, Defendant Tandy Leather Factory was a Delaware corporation with its principal place of business in Texas, primarily engaged in the business of retail and wholesale sales of leather, leatherworking tools, buckles and adornments for belts, leather dyes and finishes, saddle and tack hardware, and do-it-yourself kits. Defendant operates approximately 30 Leather Factory stores, targeting the wholesale customer, and 76 Tandy Leather stores, focusing on the retail market throughout the United States.

3. At all relevant times herein, Plaintiffs Mark Barnes and Jerry Mercante were each employed as store managers by Defendant.

4. The identity of DOES 1-50 is unknown at this time, and the complaint will be amended at such time when the identities are known to the parties.

## STATEMENT OF FACTS

5. At all times relevant herein, Defendant owned and operated about 100 stand alone leather sales and service stores at various locations throughout the United States. Defendant's website states that each store is fully stocked and managed by experienced leather craft professionals ready to give you outstanding service and leather crafting advice. Each store had at least one employee who was given the job title of store manager. All, or almost all stores, did not employ more than two other employees full time.

6. Initially, Plaintiff paid all its store managers on a salary basis without any additional compensation for hours worked in excess of 40 per week. Store managers routinely

-2-

CLASS ACTION COMPLAINT FOR OVERTIME

worked more than fifty hours per week without overtime compensation as required by law even though they did not manage or supervise 2 or more full time employees.

7. After an investigation by the United States Department of Labor, Defendant agreed to pay all store managers employed within the two years prior to the settlement date overtime compensation as back pay. Plaintiff does not seek to challenge that settlement, but limits its complaint to actions taken subsequent thereto.

8. From that time forward, Defendant paid all store managers on an hourly basis with overtime compensation at one and one half their regular rate of pay.

9. But in converting the store managers pay from salary to an hourly rate, Defendant did not simply divide the store managers' weekly salary by 40. Nor did the Defendant divide the store managers salary by the average hours per week worked. Instead, Defendant divided the store managers salary by the average number of hours worked per week, plus one half of that number over 40, thereby guarantying that the store manages would make no more money for overtime work than they did before the conversion to hourly pay.

10. Defendant told all its sore managers to record on their time cards only the amount of hours they normally worked, as reported to the Defendant for purposes of the DOL settlement, for all future weeks, even though computer log's show the employees worked in excess of those hours many times. In effect, the employees were told to re-create their salary compensation by falsely adjusting their time records.

11. In addition, all store managers receive a yearly non-discretionary "bonus" of 25% of the net profit from that store. The store bonus is paid in two installments.

12. In calculating the overtime pay rate used by the Department of Labor in settlement, Defendant did not include the yearly bonus amount which had not yet been paid. Therefore, when the bonus amount was paid, overtime pay was then owed on that amount as well, in proportion to the number of hours worked overtime during the (one year) time period covered by the bonus.

**THIERMAN LAW FIRM, PC**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

-3-

CLASS ACTION COMPLAINT FOR OVERTIME

13. In addition, the amount of money paid in settlement of the overtime claims by the United States Department of Labor were subtracted from the store bonus amounts, thereby forcing the employees to pay 25% of their own overtime back pay payments.

14. Defendant continues to exclude the yearly bonus amounts in the "regular rate" calculation of overtime due and continues to subtract the amounts paid to the employee for his or her own overtime compensation from the net profits of the store, rather than the general costs of the company. This procedure in effect causes the employee to pay 25% of his or her own overtime compensation premium.

15. Defendant also subtracts from the store's net profit amounts used to calculate the non-discretionary bonus the inventory "shrinkage" and other business losses at the "retail value" rather than the actual cost.

## FIRST CAUSE OF ACTION

(Failure to Pay Overtime on All Compensation Paid)

16. Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

17. Defendant pays each store manager a so-called annual bonus of production bonus equal to 25% of the net profit of that store. The bonus is not discretionary, it is not a gift, it is not for standby time, and it is not a bona fide profit sharing, theft or savings plan as recognized by the secretary of labor pursuant to regulations at 29 C.F.R. §§547 or 549 or 29 C.F.R. §778.200 et seq.

18. Sec. 7 (a) of the federal Fair Labor Standards Act (hereinafter also referred to as "FLSA"), 29 U. S. C. § 207 states that "No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce -- (1) for a workweek longer than forty-four hours during the first year from the effective date of this section, (2) for a workweek longer than forty-two hours during the second year from such date, or (3) for a workweek longer than forty hours after the expiration of the second year from such date, unless such employee receives compensation for

**THIERMAN LAW FIRM, PC**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

-4-

CLASS ACTION COMPLAINT FOR OVERTIME

his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

19. Sec. 7 (e) of FLSA, 29 U.S.C. §207(e) states "As used in this section the "regular rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee" and then lists seven exceptions, none of which are applicable in this case.

20. Within the last three years, the Defendant has failed willfully to pay overtime compensation on the sums earned by hourly paid employees pursuant to its annual bonus plan.

21. 29 C.F.R § 778.500 (a) states that since the term regular rate is defined to include all remuneration for employment (except statutory exclusions) whether derived from hourly rates, piece rates, production bonuses or other sources, the overtime provisions of the act cannot be avoided by setting an artificially low hourly rate upon which overtime pay is to be based and making up the additional compensation due to employees by other means. The established hourly rate is the "regular rate" to an employee only if the hourly earnings are the sole source of his compensation. Payment for overtime on the basis of an artificial "regular" rate will not result in compliance with the overtime provisions of the Act.

22. The bonus plan covers a specific period. The proper method to calculate and pay overtime compensation on bonus amounts when the bonus can be attributed to a specific period is provided at 29 C.F.R. §778.209(a) which states:

> Where a bonus payment is considered a part of the regular rate at which an employee is employed, it must be included in computing his regular hourly rate of pay and overtime compensation. No difficulty arises in computing overtime compensation if the bonus covers only one weekly pay period. The amount of the bonus is merely added to the other earnings of the employee (except statutory exclusions) and the total divided by total hours worked. Under many bonus plans, however, calculations of the bonus may necessarily be deferred over a period of time longer than a workweek. In such a case the employer may disregard the bonus in computing the regular hourly rate until such time as the amount of the bonus can be ascertained. Until that is done he may pay compensation for overtime at one and one-half times the hourly rate paid by the employee, exclusive of the bonus. When the

-5-

> amount of the bonus can be ascertained, it must be apportioned back over the workweeks of the period during which it may be said to have been earned. The employee must then receive an additional amount of compensation for each workweek that he worked overtime during the period equal to one-half of the hourly rate of pay allocable to the bonus for that week multiplied by the number of statutory overtime hours worked during the week.

23.   Hourly paid employees engaged in retail sales are not exempt from overtime compensation.  Therefore, all hourly paid store managers must receive overtime compensation at one and one half their regular rate, which includes all monies paid as bonuses.

24.   For the period of time, if any, that the store managers were paid a salary these store managers were not exempt because they did not supervise two or more full time employees and for other reasons as determined by the United States Department of Labor. Therefore, they are entitled to overtime compensation for all hours worked in excess of 40 at one and one half times the regular rate, which includes the aforesaid bonus paid after the Department of Labor settlement date.

25.   Therefore, Plaintiffs demand, on behalf of themselves and all others similarly situated, that Defendant pay them back overtime wages for each hour in excess of 40 per week worked during the period covered by the bonus at the rate of one and one half the regular rate for bonus monies which is calculated at the amount of the bonus previously paid, divided by forty hours a week times the number of weeks covered by the bonus, for each bonus period paid within the last three years.

26.   Plaintiffs also demand the amount found due as overtime compensation wages be doubled as required by the Act, plus interest and attorneys fees and costs of suit.

## SECOND CAUSE OF ACTION

(Unlawful Rebate from Bonus Amounts)

27.   Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

28.   Instead of considering the weekly overtime compensation payments a corporate overhead expense, Defendant subtracted the amount of overtime paid (including the amount

-6-

CLASS ACTION COMPLAINT FOR OVERTIME

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

paid in settlement of the United States Department of Labor claim) as a deduction from the individual store profits.

29. Instead of considering the overtime settlement payments a corporate overhead expense, Defendant subtracted the amount of overtime paid (including the amount paid in settlement of the United States Department of Labor claim) as a deduction from the individual store profits.

30. As a result of Defendant's policy, 25% of the overtime settlement payments paid hourly store managers were paid by the hourly store mangers themselves, rather than the Defendant.

31. As a result of Defendant's policy, 25% of the overtime compensation paid hourly store managers were paid by the hourly store mangers themselves, rather than the Defendant.

32. 29 CFR 531.35 states that "Whether in cash or in facilities, 'wages' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or 'free and clear.'"

33. By the conduct alleged above, the employer has not paid "free and clear" 25% of the settlement amount and the overtime compensation wages claimed

34. Therefore, Plaintiffs demand payment, free and clear, of the amounts unlawfully rebated to the employer in the form of reduction in the bonus payment amount, doubled as required by the Act, plus interest and attorneys fees and costs of suit.

## THIRD CAUSE OF ACTION

(Unlawful Recalculation of Hourly Wage Rate to Attempt to Avoid the Act)

35. Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

36. Instead of dividing the periodic salary by the number of hours worked in each period to arrive at the hourly rate of pay, after the settlement with the Department of Labor, the Defendant divided the periodic salary by the hours worked plus one half any overtime hours worked, to determine the hourly rate of pay.

-7-

CLASS ACTION COMPLAINT FOR OVERTIME

**THIERMAN LAW FIRM, PC**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

37. Because the employees had accepted a settlement with the United States Department of Labor, the Defendant reduced the actual hourly rate of pay after the settlement date to a rate below the true hourly rate after the settlement date.

38. The Defendant also "reverse engineered" its pay scheme such that Defendant paid the same amount with "overtime compensation" as it was paying before the settlement date without overtime compensation.

39. By requiring the hourly paid store managers to claim for future work weeks only their average pre-settlement amounts of overtime worked, the Defendant reinstated its salary program in violation of the overtime provisions of the FLSA.

40. 29 U.S.C. § 215(a)(3) provides, in part, that it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding. . . ."

41. Flat-rate weekly payments are inherently irreconcilable with the requirements of the FLSA. As stated in 29 C.F.R. §500(b) ". . . it is not possible for an employer lawfully to agree with his employees that they will receive the same total sum, comprising both straight time and overtime compensation, in all weeks without regard to the number of overtime hours (if any) worked in any workweek.  The result cannot be achieved by the payment of a fixed salary or by the payment of a lump sum for overtime or by any other method or device."

42. Therefore, Plaintiffs demand, on behalf of themselves and all others similarly situated, that Defendant pay them back overtime wages for each hour in excess of 40 per week worked at one and one half times the difference between their hourly rate actually paid and the corrected hourly rate for the period within three years from the filing of this complaint until the date of correction and/or payment, whichever is earlier, doubled as required by the Act, plus interest and attorneys fees and costs of suit.

///
///
///

CLASS ACTION COMPLAINT FOR OVERTIME

## FOURTH CAUSE OF ACTION

(Unlawful Deduction for Cash Shortages and Shrinkage)

43. Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

44. Upon information and belief, every state in which Defendant has employed an hourly paid store manager, it is unlawful to deduct from wages earned cash shortages or inventory theft, loss or shrinkage unless the employer can prove and has proven that the loss was the direct result of the willful misconduct or gross negligence of the employee.

45. Defendant has a policy to subtract the retail price for all cash shortages, inventory theft, loss and/or shrinkage from the employee's annual bonus amount.

46. Upon information and belief, none of the deductions for cash shortages, inventory theft, loss and/or shrinkage were the direct result of the willful misconduct or gross negligence of the employee.

47. Therefore, Defendant unlawfully forced its hourly paid store managers to pay 25% of the loss resulting from cash shortages, inventory theft, loss and/or shrinkage which were not the direct result of the willful misconduct or gross negligence of the employee.

48. Therefore, Plaintiffs demand payment, free and clear, of the amounts unlawfully loss due to improper deduction from the annual bonus for cash shortages, inventory theft, loss and/or shrinkage which were not the direct result of the willful misconduct or gross negligence of the employee.

## FIFTH CAUSE OF ACTION

(Unlawful Recalculation of Hourly Wage Rate to Attempt to Avoid the Act)

49. Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

50. Defendant has a policy of paying hourly paid store managers vacation pay each year in an amount directly related to their years of service with the company.

51. Upon information and belief, the policy vests vacation 100% at year end for the next year.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

52. Upon termination, Defendant fails to pay all vested, accrued vacation as of the date of termination.

53. Therefore, Plaintiffs demand the payment of all vested accrued vacation to hourly paid store managers who have been terminated without payment of all vacation wages due, plus waiting penalties for failure to pay all sums due at termination according to the laws of each state in which the store was located, i.e. 30 days for California, Nevada and Arizona.

## PRAYER FOR RELIEF

Plaintiffs, individually and on behalf of all others similarly situated, pray for relief as follows:

An Order that Defendant pay "free and clear" and without rebate or deduction, to Plaintiffs, and all similarly situated hourly paid store managers employed by the Defendant, within three years from the filing of this compliant to the date of payment, and/or correction of the problem, whichever first occurs, and each of them:

(1) overtime wages due for each hour in excess of 40 per week worked during the period covered by the bonus at the rate of one and one half the regular rate for bonus monies which is calculated at the amount of the bonus previously paid, divided by forty hours a week times the number of weeks covered by the bonus, for each bonus period paid within the last three years;

(2) the amounts not paid "free and clear" or otherwise rebated to the employer in the form of any reduction in the bonus payment amount on account of overtime wages paid and settlement amounts with the Department of Labor for overtime compensation;

(3) overtime wages for each hour in excess of 40 per week worked at one and one half times the difference between their hourly rate actually paid and the corrected hourly rate for the period within three years from the filing of this complaint until the date of correction and /or payment, whichever is earlier;

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

(4) amounts unlawfully lost due to improper deduction from the annual bonus for cash shortages, inventory theft, loss and/or shrinkage which were not the direct result of the willful misconduct or gross negligence of the employee;

(5) payment of all vested accrued vacation to hourly paid store managers who have been terminated without payment of all vacation wages due, plus waiting penalties for failure to pay all sums due at termination according to the laws of each state in which the store was located;

(6) Liquidated damages as allowed by law;

(7) Interest and attorneys fees; and

(8) Such further relief as this court may deem just and proper.

Dated this 15th day of March, 2011

                                        THIERMAN LAW FIRM

                                        By: /s/Mark R. Thierman
                                             Mark R. Thierman

CLASS ACTION COMPLAINT FOR OVERTIME

**THIERMAN LAW FIRM, PC**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net