ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 21 2012
CLERK, U.S. DISTRICT COURT
By _____
   Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARK BARNES, DONNA CAVOTA, and JERRY MERCANTE on behalf of themselves and all others similarly situated, § § § § Plaintiffs, § § v. § § TANDY LEATHER COMPANY, LP, and § THE LEATHER FACTORY, LP, § § Defendants. § § | Case No. 4:11-cv-00335-A |

### PLAINTIFFS' SUMMARY OF STATE LAW CLAIMS AND AUTHORITIES

**COME NOW** Plaintiffs, by and through their counsel, pursuant to the Court's February 14, 2012 Order, hereby submit their Summary of State Law Claims and Authorities in the Appendix/Index filed in connection with this Pleading.

### I.   INTRODUCTION

A.   Overview of Claims and Defenses by the Parties in the Lawsuit.

1.   Plaintiffs assert class claims under applicable state and federal wage hour laws against Defendants, alleging that they improperly calculated the regular rate of pay of hourly paid Store Managers, failed to pay overtime on non-discretionary bonuses, made improper deductions from bonuses, maintained improper records of hours worked, and improperly classified Store Managers as exempt from overtime requirements under state and federal law. Plaintiffs further allege that the Company's actions were willful, triggering expansion of the statute of limitations under the Fair Labor Standards Act from two to three years, and that

Defendants' conduct was in bad faith and entitled Plaintiffs to liquidated damages. In addition, named Plaintiffs Cavota and Barnes allege that they were improperly terminated in retaliation for their wage hour complaints. Plaintiffs' claims under the FLSA are based on 29 U.S.C. §207(a) (overtime pay requirements), §207(e) (regular rate of pay), and applicable Department of Labor Regulations, including 29 C.F.R. §778.500(a) (definition of regular rate of pay), and §778.209(a) (inclusion of bonus as part of regular rate of pay). Plaintiffs also assert willful violation by Defendants and seek recovery of liquidated damages under 29 U.S.C. §§259 and 260.

In addition, Plaintiffs allege the above reference pay practices by Defendants violate the state wage hours laws of Alaska, California, Colorado, Connecticut, Illinois, Kentucky, Maryland, Massachusetts, Minnesota, Montana, Nevada, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Washington, and Wisconsin where Defendants operate stores and employ similarly situated Store Managers. Plaintiffs' claims are based on state laws that are identical or similar in nature to the above-referenced claims asserted by Plaintiffs under the FLSA, as demonstrated in the attached Appendix.

2. Defendants contend that they properly calculated the hourly rate of pay for non-exempt Store Managers and paid overtime in accordance with applicable state and federal laws, that the deductions from store profits for operating overhead expenses was proper for purposes of calculating bonuses for Store Managers, and that the bonus payments should not be included as regular rate of pay for non-exempt employees. Defendants further contend that Store Managers who were paid salary were properly classified as exempt under the Executive, Administrative and the Retail Sales Exemptions (for those Store Managers whose salary was supplemented by substantial bonuses based on the level of sales and profits of their stores) and/or a combination of such exemptions, and, therefore, were not entitled to overtime, nor was the Company obligated

to maintain hourly work records for such managers. Defendants contend that their actions were not in reckless disregard of the FLSA or state wage hour laws and, therefore, were not willful and that they acted in good faith and in conformity with and in reliance on government and administrative regulations and interpretation of wage hour laws and, therefore, they are not liable for liquidated damages. Defendants also deny that the named Plaintiffs Barnes or Cavota were improperly terminated. Defendants disagree with Plaintiffs interpretation of the scope of the regular rate of pay and overtime provisions referenced above under the FLSA and its applicable regulations, and further rely on the exemptions from overtime under the FLSA set forth in 29 U.S.C. §207(i) and 29 C.F.R. §779.300-388 (Retail Sales Exemption), 29 U.S.C. §213(a)(i) and 29 C.F.R. §541.100-106 (Executive Exemption), and 29 U.S.C. §213(a)(i) and 29 C.F.R. §541.200-204 (Administrative Exemption). Defendants also assert defenses to Plaintiffs' claim of willful violation of the FLSA, as well as liability for liquidated damages. Finally, the defenses raised by Defendants to Plaintiffs' state law claims are based on essentially the same defenses as they asserted under the FLSA, but in reliance on the similar or identical provisions of the applicable state laws referenced in the attached Appendix.

Respectfully submitted,

*[signature]*

Grant D. Blaies
BLAIES & HIGHTOWER, L.L.P.
777 Main Street, Suite 1900
Fort Worth, Texas 76102
817.334.8294 (Direct)
817.334.0574 (Fax)

Mark R. Thierman, Esq.
THIERMAN LAW FIRM, P.C.
7287 Lakeside Drive
Reno, NV 89511
775.284.1500
775.703.5027 (Fax)

*Attorneys for Plaintiffs Mark Barnes,*
*Jerry Mercante, Donna Cavota*
*and Proposed Settlement Classes*

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been sent to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 21 day of February, 2012.

*[signature]*
Grant D. Blaies